Good morning, Your Honor. You're up. Thank you, Your Honor. I'm Fred Altshuler from the San Francisco Law Firm of Altshuler, Berzahn, Nussbaum, Rubin & DeMaine. With me is my co-counsel, Vineet Lillian Goldsmith of our firm. And I'd also like to notice the presence of Mr. Barry Marr from the Honolulu Law Firm of Marr, Hipp, Jones & Pepper. Mr. Marr represents the nine hospitals and health care facilities who filed in the district commissions. As the Court knows, we are appealing the district court's refusal to dissolve the injunction, which has prohibited HNA from establishing its new collective bargaining arm, the Council on Collective Bargaining. Our appeal is based on the fact that the district court's injunction has intruded on the jurisdiction of the National Labor Relations Board to decide who represents HNA nurses. Where in the order is the NLRB prohibited from proceeding to decide that? The injunction is not directed to the National Labor Relations Board, but the injunction freezes HNA from implementing the resolution passed by its House of Delegates, creating the collective bargaining arm. And that has had the effect of freezing the NLRB from acting. That's between you and the NLRB, isn't it? If they want to go ahead and decide a representational issue, they can do so. And doesn't Judge Gilmour's order specifically say nothing stops them from doing that? Well, unfortunately, it has, because the district court has reiterated that it doesn't feel that the procedure should go forward at the NLRB because it feels that we would be, quote, eliminating the prior entity, the collective bargaining arm. No, I think what, if I understood what Judge Gilmour says is, I'm going to keep the status quo in effect so that the entities won't be eliminated. But then she says, and I'm reading from the order, the instant preliminary injunction does not prevent the NLRB from determining which party is the proper collective bargaining agent. Now, if the NLRB doesn't want to proceed, that's up to them. Well, the NLRB has made very clear in our request for judicial notice, which were filed regarding proceedings that happened after the briefs were filed, makes clear in its order, which I'll take the liberty of reading a part of, that it will continue to hold the AC petitions in abeyance until the district court either dissolves the preliminary injunction or issues a decision that finally deciding the allegations that threaten the future existence of the agency. Well, that's their problem. I mean, your gripe is with the NLRB. It's not with Judge Gilmour. Well, but here, Judge Gilmour says the NLRB has to decide the jurisdictional issue. The NLRB says we can't decide it because of Judge Gilmour's injunction, and the result has been absolute. So they're wrong. They're wrong. But she says they can. But they say they can't. And they have exclusive jurisdiction to determine representational issues. That cannot be resolved until the NLRB acts. And the employers, the health care facilities, are faced with the situation that there is a CBO, the former entity, which lacks majority support, which has been voted out by the membership of both HNA and CBO houses of delegates, and which, therefore, can't function as the collective bargaining agent if they don't have majority support. The NLRB is the body that is supposed to decide who is a collective bargaining agent, and they are frozen because of Judge Gilmour's injunction. And the fact is that there's been virtual chaos in collective bargaining in Hawaii since that point. The amicus brief that Mr. Marr filed shows that there are contracts that have not been negotiated, there are planned closings, there are layoffs, there are other things happening, and nothing is being resolved because the NLRB, which stops the employers from continuing to negotiate with the old organization. The old organization lacks majority support. They're still certified, right? They're still certified, but they lack majority support. And it's the NLRB whose certification is the critical factor. They heard evidence. Has the NLRB decertified the CBO? It has not decertified CBO. Okay. So as far as the NLRB is concerned, the CBO is still the lawful bargaining agent. The NLRB has taken under submission an AC petition, which was filed for the purpose of deciding who the collective bargaining agent is. They heard evidence. It's before them. They feel, with I think some justification, that if they don't want to certify an entity that has an injunction hanging over its head, But until the NLRB takes an action to certify a CCB or somebody else, does the CBO remain the lawful bargaining unit? Not if it lacks majority support, which it clearly does. The employers have a right not to bargain with it. Then someone will file an unfair labor practice, and that would be before the board, and the board is frozen. As I understand the rule, they have the right not to, but they don't have to decline to bargain with them. Am I right about that? They don't have to, but then unfair labor practice charges. They can. They could, if they wanted to, continue to bargain with CBO, couldn't they? They could, and then unfair labor practice charges would be filed against them, and then we'd be right back where we are now. The NLRB is the body that should decide the issue, and Judge Gilmour's injunction was based on the faulty premise that somehow, unless she kept her injunction in effect, the CBO would disappear, and therefore the NLRB couldn't act. Judge Gilmour said the NLRB should be deciding this question. What the problem is is that her preliminary injunction is based on the faulty idea that somehow this separate contractual issue of whether the articles of incorporation allow CBO independence is something that she needs to preserve, and the fact is the NLRB can decide that question. The NLRB has concurrent jurisdiction to hear that issue. Even if you are right about the impropriety of the injunction, that wasn't appealed. I'm sorry? Even if you have some gripe with the injunction having been issued originally, that wasn't appealed. At the time the injunction was issued originally, the NLRB proceedings were not underway. They hadn't begun. So if I understand what's up for grabs now, it's not the issuance of the preliminary injunction. That's a done deal. That wasn't appealed. The only question before us is whether it should have been dissolved. That's correct. And the only change since the injunction was issued is that the employers say they don't want to bargain with CBO. Yes, sir. The only change is that the NLRB has a procedure underway and has heard evidence and is prepared to rule. And she says my injunction doesn't stop it, and she puts it in black and white. She's wrong. It does stop it. They've been stopped. They're frozen. And that's the reality. If she wanted, Judge Gilmour wanted to preserve the status quo without interfering with the jurisdiction of the NLRB as that board determines its jurisdiction, what could she have done? I'm sorry. She did why, I grant you. She did not want this situation to happen. She wanted to preserve the jurisdiction of the NLRB. If she had dissolved the injunction, in the first place, if she would have dissolved the injunction, the NLRB would have held its proceeding. To ask the question another way, I've probably not asked it very articulately. Is there or was there a way, was there language she could have used that would have fostered her objective of preserving the status quo but not interfering with the jurisdiction of the NLRB? The NLRB, for better or worse, has taken the position that as long as the future existence of CCB is threatened, it won't rule. In other words, there's this cloud hanging over the head, and they don't want to put in place But she has said, for example, that this injunction shall dissolve immediately upon the determination of the NLRB as to who the appropriate bargaining agent is. Would that have been okay? I can't answer for the NLRB. We feel the NLRB should have acted anyway, and the employers did, too. That's why they appealed it up to Washington, and the full NLRB sustained this. I can't. I regret I can't answer, but this situation we're in, this sort of Alice in Wonderland world, can be solved very simply by dissolving the injunction. The NLRB has already heard the issue. CBO was present. They argued. They present evidence. The matter is before them for decision. This whole problem would be over with if the injunction were dissolved. And the district court was right. Counsel, why didn't you appeal the injunction? Because at that point, the NLRB's proceedings weren't underway. This situation involves the issue of concurrent proceedings, concurrent jurisdiction, which is something this Court will. Can you help me out with the chronology on that? The injunction was issued in November. There was a TRO issued when the lawsuit was filed. Right. The injunction is issued November 7th? The preliminary injunction, yes. Yes. And at what point does the NLRB indicate that it is frozen? The petitions were filed, I believe, toward the end of the year. Okay. But your time for appealing the injunction then runs out on December 8th. Is that right? You have 30 days? Yes. It does not run out, I believe, at the time that we filed the motion to dissolve. That's correct. Okay. And you filed the motion to dissolve after the NLRB? After the NLRB petitions were filed? I don't recall. I believe that we did. We filed the motion to dissolve very shortly after the petitions for certification were filed. Did you file the motion to dissolve after the NLRB indicated that it wouldn't act as long as the injunction was in place or before the NLRB indicated that it wouldn't act? I believe it was before. I believe it, and the docket sheet will correct me, but I believe it was when the petitions had been filed and the matter was pending before the NLRB. We said at that time the NLRB is going to be, you know, is going to be hamstrung. The motion to dissolve was filed at the time that the NLRB proceedings had been argued and submitted. And, in fact, now I recall it was filed after the NLRB indicated at the regional office level that it was unable to rule on the petitions. And then she sends an order out that says, no, you can't. Sorry? And then she sends an order out that says, no, NLRB, you're wrong, you can't. My injunction doesn't tie you up the way you think it does. And the NLRB says that's our decision. We're the ones who certify. We think it does. We don't want to certify a collective bargaining entity that has this cloud hanging over its head. And the employers appealed. I don't particularly agree with it either, but that's what they did. And they have the statutory prerogative to decide. It's their decision. The courts can't make it. There are cases where this Court deals with the issue of concurrent proceedings, and they say very clearly in a situation where there are two proceedings under the way, the court should stay its proceedings and allow the NLRB to perform its function. And that is exactly, exactly what our situation is. The Valley Enterprises case deals with that. It deals with the situation of two proceedings both dealing with the same issue, and it says for good reasons there's a strong preference for letting the board decide. It was clear the board wasn't deciding. And Judge Gilmore had intimations of that because they had said at the time we can't rule. She said I don't agree with you. Apparently she thinks they can rule. They think they can't. And the solution is very simple. The solution is let them go ahead. CBO didn't disappear when the NLRB held its ruling in Honolulu. It allowed them to appear. It allowed them to argue. It has the matter before it. They have not been in any way detailed. Why is it the answer to tell the NLRB to go back and read the order again? The employers did. They went up to the NLRB. The NLRB has very famously preserved its jurisdiction. That's where your problem is. Our problem is with the injunction. If the injunction hadn't been issued, this would never have happened. And the employees who voted on both the HNA and CBO houses back in October to create this new entity wouldn't have been stymied either. Do you have any right to appeal the NLRB's refusal to act here? No. No. Do you have any other remedy within the NLRB? Went all the way up. I believe they went all the way up to the top. I know they went to a panel of three. I don't know whether they went to the full board. That was the employers who were going up. Has the district court given you an indication when the court will resolve the suit so we can move on? Yes. The district court ordered many of the issues. It dismissed almost all the complaints and ordered many of the issues to arbitration of which this is a part. We went to arbitration. We filed the request to proceed with arbitration. CBO didn't respond. They're now in the process of selecting an arbitrator that will take several more months and that will resolve only part of it. The district court has taken everything else off calendar. There are no proceedings in the district court going on anymore. That purport to, that have pretensions of resolving anything, any time in the future. And meanwhile, we're stuck at the situation where the collective bargaining is frozen. The CBO is now basically coming apart. The California Nurses Association has come in and tried to start running it. It is, I don't want to overstate things, but I would say that it's chaos within the collective bargaining. What is it you would like us to do? We would like you to have to grant our appeal and direct Judge Gilmore to dissolve the district court. Short of dissolving the injunction, is there anything else that this court could do that would help resolve this? The injunction is the problem. An instruction or a direction or a clarification reaffirming Judge Gilmore's statement that the NLRB is free to proceed? If the court could do that, I would hope the NLRB would listen. I mean, again, it's up to them. They have jealous powers of their jurisdiction. They guard them like lions. But if it would, if the court could clarify by one mechanism or another that the NLRB is free to act, that would solve the problem. Okay. Thank you for your argument. I'll give you a little bit of time for rebuttal, although you've used it up. Thank you. Now, Mr. Edelson. Good morning, Your Honors. Good morning. James Edelson representing the Collective Bargaining Organization, CBO. I found out about the time you did. I wanted to make a couple of points, but the questions you raised I would address first. The couple of points I wanted to make were the question of primary jurisdiction is not the only jurisdictional issue here. In the initial preliminary injunction and the one that was not dissolved, still standing, there was a very important issue of Title I under the LMRDA, equal rights to vote. That is to say, persons who were employed and represented by the CBO who are not registered nurses are not permitted to be members of the HNA and therefore were barred from voting on this organizational chain. And let me straighten out what I understand to be the record. The TRO was issued. The HNA went and proceeded with the vote on the bylaws. The CBO withdrew the bylaws. So at the special house of the CBO, there was not a vote on these bylaws. It was only in the HNA. And those findings are both in the preliminary injunction and in the judge's order, comprehensive order of March 23, refusing to dissolve the injunction. That's important because of the second issue I wanted to raise, and that is the standard of review. The standard of review you're dealing with here is a review of a refusal to modify or dissolve a preliminary injunction. There is a broad range of discretion to be given to the district court here, providing that it's not purely a legal question. And I think you will see or you have seen that there are many, many factual questions rolled up into this. But there is, there are additional facts that come in after the entrance of the preliminary injunction, namely that the NLRB now believes that the preliminary injunction prevents it from acting. Now, correctly or incorrectly, the NLRB believes that. Well, let me just say, you're right, perhaps. But that's because of the factual setting. They don't believe that because of the presence of the injunction. The injunction maintained a status quo wherein the CBO was the exclusive and only collective bargaining agent. The bylaws that would have changed the status quo do not create a new and separate labor organization. They abolish the CBO and subsume collective bargaining within the HNA. That's the organizational change that would have occurred had the status quo been permitted to be absent. Absent this lawsuit. That's the very kind of thing that the NLRB is empowered to decide, right? Well, they're empowered to decide whenever someone files a petition. And this is your point, Your Honor. After the preliminary injunction. Absent this injunction, they could decide that CBO is the proper representative. They could decide that the CCB is, right? If you lifted the injunction. But what they could decide is only what the Constitution. I said absent this injunction. Correct. They'd have clear, proper authority to decide who the proper bargaining agent is. And that's correct, Your Honor. And that's because the CBO would be abolished and there would be a discrepancy between certification and new reality. I'm not trying to predict what they would or would not do, but couldn't they determine that what this effort to restructure and select a new bargaining agent was improper and that CBO remained the proper bargaining agent? Wouldn't that be within their power? No, because the bylaw change abolishes the CBO. It's no longer in existence. The NLRB doesn't have authority to reconstitute the organization back to the CBO. They have authority if someone files a petition to determine the merits of the petition, and I might add the sequence of events is fairly interesting. These petitions were filed as a way of attacking the injunction. The HNA was involved with these petitions, and what I've seen from the record, what little I've been able to obtain, there was a whole hearing on these AC petitions. It's in the record. I can't give you the numbered site because I don't have the excerpts. I will endeavor to do that, if you like, after an oral argument. If that was their intention, they didn't succeed. True. And if you uphold the district court, they won't. But the organizational change here is the important factual framework, because the bargaining agent is the CBO. Nobody doubts that. That is what it was and is. The new bylaws. It's what it was and what it is by virtue of the injunction. Yes, by virtue of maintaining the status quo. But let's just suppose that if Judge Gilmour's full intent was to not interfere in any way with the NLRB, let them decide the bargaining issue, and that the NLRB is just dead wrong in saying that the injunction prohibits them from deciding that issue. Well, they haven't said it prohibits them. They defer to it. And that's a discretionary judgment. That's an agency of the Federal Government. They're dealing with an Article III judge with jurisdiction, parent jurisdiction. Well, that's an injunction. Some people don't want to put that head in the lion's mouth. And they're before you. I know. A lot. So do you agree with the responses we apparently got from Mr. Ushuler that if we said to the NLRB, you are wrong, there is nothing about this injunction that prevents you from acting, that they could go ahead and act? They could act, but let me tell you what the basis of the petitions that were filed that they'd be acting on. It's that the proper bargaining representative, as asserted by HNA and the employers, and it's not all the employers. It's one employer with multiple facilities. They are asserting that the new formulation of the organization, which is HNA with a committee, it's really just HNA, is the proper collective bargaining representative. CBO doesn't exist under that formulation. So what the NLRB may have been saying, and they didn't articulate it, but in declining to act, it is the organizational change itself that raises the question. Doesn't that put the district court then in the position of deciding who's the proper collective bargaining agent? No, because of contract, which is the basis for your suit? No, it's because it is a matter of the bylaws. When an organization changes, and frequently it's the other way around, a union is affiliating with a larger organization, or a larger organization merges it, or takes it into trusteeship, and an employer files a petition saying there's been a change, and we no longer have to bargain because we're dealing with a different organization. Those organizational changes themselves are not the subject of NLRB jurisdiction. The question of primary jurisdiction is one of primarily representational, or primarily contractual, in this case, primarily organizational. The organizational change that is contemplated by the enjoined bylaws, bylaws that were not voted on by both organizations, and there's an important fact about that I would like to point out, but those organizational changes are what gives the basis for any question presented to the NLRB. The question presented to the NLRB by the employer petitions, and there was an entire hearing on those petitions that caused them to be dismissed, part of it is of record, but it's the cart, horse, however you want to put it. The organizational change sparks a potential NLRB question. Let me ask you a question that I think Judge Hawkins probably asked the critical question here. Judge Gilmour is worried about the CBO ceasing to exist at all, right? If this were to go to the NLRB, and if the injunction were dissolved, could the NLRB undo the action abolishing the CBO? Absolutely not. Absolutely not. The NLRB can only deal with an organization as it presents itself. And, for example, the reason these state nurses associations are what I've called in the past two-headed beasts, just from an organizational view. Let me just interrupt you for a second. Is the reason for your answer that the NLRB can't appoint or designate the CBO as the proper representative that you haven't petitioned? Well, we don't. The CBO is the existing representative. Do you start with a yes or no? No. That's not the reason? I understand your question. The answer is no, and that's because the CBO is the certified bargaining agent. The organizational change, if it were to be implemented, would allow the factual predicate for a petition to seek to change. And here's where it gets dicey. There is a change in the organization. And whether or not the NLRB recognizes the new formulation, the new organization, as certified involves different questions that are part of the NLRB framework. If it does not, then the entirety of the representation is out the window. I want to point out this is one employer of many, and they do have multiple facilities. So the NLRB's jurisdiction stops at the door of the organization. The NLRB's jurisdiction deals with the organization as the NLRB finds it. When the NLRB is presented with an organizational change, it raises a question of a different organization. They have their own framework to decide whether there can be a change in name, which is more ministerial than substantive, or whether there's a different organization now. That's not before you. That wasn't before Judge Gilmour. What was before Judge Gilmour, and the primary reason for Judge Gilmour's injunction, is maintenance of the status quo, because the havoc that would result from dissolving the injunction and absolutely abolishing the CBO would leave no opportunity for the CBO to continue as collective bargaining agent. The NLRB would be required to take those circumstances as they found them. And that is perhaps why the NLRB decided to wait on resolution of the first issue. Let's suppose that the NLRB has misconstrued Judge Gilmour's order, and you can show it to them, you can underline it, you can put arrows, they still won't do it. What else can they do? Can they be brought into the lawsuit? It's not their jurisdiction. You see, the whole question of a new bargaining agent doesn't arise but for the bylaw's amendments. And those bylaw's amendments are, to say the least, under serious question, for a number of reasons Judge Gilmour considered them, a number of reasons that are in the record, and many factual questions are involved with those. I'll raise just one simple one, for example. The CBO House of Delegates, according to the findings, did not vote after the TRO. They withdrew their changes. But in the CBO bylaws that are created and an autonomous organization created, it mandates that no changes in the CBO bylaws can be made except by vote of the CBO.  That's one very important fact amongst the many facts which went into the calculation by Judge Gilmour, and that's why I say the standard of review here in declining to dissolve the injunction, having an intensely factual determination, is an abuse of discretion standard. In this case, people wanted an organizational change to take collective bargaining authority away from HBO. The essence of the proposed bylaws that were passed by one of the houses is to abolish the CBO. The major defects in that process are contractual vis-à-vis the requirements of the bylaws. They are also violative of the LMRDA, which the NLRB has recognized in many decisions is not within its jurisdiction. The question of whether non-RNs were not permitted to vote and would not be permitted to vote in a new organization, but were not permitted to vote in the HNO House of Delegates because they're not allowed to be HNA, they're not allowed to be HNA members, is a serious and substantial question under Title I of the LMRDA. The questions are very serious that have been raised, if not probable of success on the merits, but the balance of hardships here is extreme against dissolution. Because the HNA is seeking something new. You've now used up your time. Thank you very much for your argument. Thank you, Your Honor. Rebuttal, Mr. O'Shea? I'll give you about a minute. Thank you, Your Honor. I'll say as much as I can within the minute. There were various other LMRDA issues raised before Judge Gilmour. She dismissed virtually all of them. The only one remaining is this issue of whether there's a tiny percentage of the nurse-represented people who are not RNs and not members of the bargaining unit. That could easily be remedied by an order saying put them in as HNA members. In fact, the new bylaws do that. The one issue that is remaining is this issue of whether under the Constitution this change was permissible. And that is a 301 question. That's a contract question. That is within the jurisdiction of the NLRB concurrently with the court. The NLRB can resolve that issue. And the NLRB can resolve the whole case. In terms of whether or not these petitions were filed by HNA, that's not true. They were all filed by employers. HNA was a party because the CCB and CDO were parties. But they were the employers' petitions. And they were made to address this incredibly urgent situation that exists. And I would urge the court, I know the court has scheduled this for an expedited place on its calendar. I would urge the court to rule as promptly as it can, given the situation as it exists in Hawaii, which I cannot overemphasize. Thank you. Thank you for your argument. Thank both counsel for your argument. The case, as argued, will be submitted for decision. And the court will stand in recess.  Thank you.
judges: Hawkins, Silverman, Bybee